## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

MEGAN ROSE MOORE,

        Petitioner,

v.                              Case No. 1:21-cv-00245

WARDEN G. RYLE, FPC Alderson,

        Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

On April 16, 2021, Petitioner, an inmate designated to the Federal Prison Camp at Alderson, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 108-month term of imprisonment imposed by the United States District Court for the Eastern District of Tennessee following her conviction on charges of Conspiracy to Distribute and Possession with the Intent to Distribute Five Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(b) and 846. (*United States v. Hatfield*, Case No. 2:18-cr-00087 (E.D. Tenn. May 29, 2019), Judgment in a Criminal Case, filed herein as ECF No. 9, Ex. 1, Attach, C). Petitioner has filed the instant

petition for a writ of habeas corpus asserting that her federal sentence should have commenced on February 8, 2018, the date of her arrest. An explanation of the procedural history of Petitioner's state and federal criminal cases will be helpful.

On February 8, 2018, Petitioner was arrested by state authorities in Hawkins County, Tennessee for Driving on a Suspended License, Reckless Driving, and Possession of Drug Paraphernalia, Case No. GS-18-CR244, and Possession of a Schedule VI drug (Methamphetamine) and Tampering with Evidence, Case No. GS-18-CR432. (ECF No. 9, Ex. 1, Declaration of Gail Crowe (incorporating information from Petitioner's federal Presentence Investigation Report ("PSR"), which is not part of the record before this court).

On February 14, 2018, while still in state custody, Petitioner was charged with Simple Possession of Schedule II Methamphetamine, Case No. GS-18-CR277. *Id.* On March 19, 2018, Petitioner was sentenced by the Hawkins County General Sessions Court, Rogersville, Tennessee as follows: to 11 months and 29 days suspended for 11 months and 29 days supervised probation in Case No. GS-18-CR244; to 11 months and 29 days, suspended except for 90 days, balance suspended for 11 months and 29 days supervised probation in Case No. GS-18-CR432, which was to run consecutive to Case No. GS-18-CR277 and all others; to 11 months and 29 days suspended, except for 60 days, balance suspended for 11 months and 29 days probation in Case No. GS-18-CR277, which was to run consecutive to Case No. GS-18-CR432 and all others. Petitioner was also sentenced to a revocation sentence of 11 months and 29 days at 75% with credit for time served in Case No. GS-17-CR1535, consecutive to all other charges (the original sentence for Case No. GS-17-CR1535 was imposed on November 22, 2017 and was 11 months and 29 days, suspended for 11 months and 29 days supervised probation). *Id.*

2

On July 10, 2018, Petitioner was borrowed by federal authorities pursuant to a federal Writ of Habeas Corpus Ad Prosequendum. (ECF No. 9, Ex. 1, Attach. A, USMS Form 129, and Attach. B, Federal Order).  On May 29, 2019, Petitioner was sentenced in the United States District Court for the Eastern District of Tennessee to the instant 108-month term of imprisonment.   The federal Judgment Order included the following language: "This sentence has been reduced by a term of two months (60 days), pursuant to USSG §5K2.23, based upon time already served in imprisonment in Hawkins County General Sessions Court Docket Number GS-18-CR277 for conduct directly related to the instant federal offense." *Id.*  Additionally, at the time of sentencing, the Tennessee federal court recommended to the Bureau of Prisons that Petitioner receive credit for time served from February 8, 2018 to the date of sentencing.  *Id.*  Petitioner was returned to state authorities via return writ on June 13, 2019.  (ECF No. 9, Ex. 1, Attach. A).

Petitioner's state sentence was credited for the period from February 8, 2018 (the date of her state arrest) through July 10, 2018 (the date she was borrowed by federal authorities via writ), as well as from June 13, 2019 (the date she returned to state authorities via return writ) until November 13, 2019 (when her state sentence was completed).  (ECF No. 9, Ex. 1, Attach. D, Email from State Authorities).  Petitioner also received credit against her state sentence for January 7-8, 2018, which was unrelated to the federal offense.  *Id.*

Petitioner's state sentence was not credited for the time she was borrowed by federal officials via writ from July 11, 2018, through June 12, 2019.  *Id.*  Additionally, Petitioner satisfied her state sentence on November 13, 2019, but was not taken into federal custody until November 15, 2019.  (ECF No. 9, Ex. 1, Attach. A and D).  Accordingly, Petitioner has been granted 338 days of prior custody credit against her

federal sentence for the period of July 11, 2018 to June 12, 2019, and for November 14, 2019. (ECF No. 9, Ex. 1, Attach. E, Public Information). Petitioner's federal sentence commenced on November 15, 2019, the date she was released to federal authorities for service of her federal sentence. With the application of the 338 days of prior custody credit, Petitioner's projected release date with consideration for good conduct time is August 13, 2026.[1] *Id.*

## ANALYSIS

A.    *Petitioner failed to properly exhaust her administrative remedies.*

Respondent first contends that Petitioner failed to exhaust the available administrative remedies before filing the instant § 2241 petition. Thus, Respondent asserts that the petition should be dismissed on that basis alone.

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition). Although § 2241 does not contain a statutory exhaustion requirement, courts have

---

[1] At the time she filed the instant petition, Petitioner's release date was August 12, 2026. However, in preparation of the response to this petition, Respondent contacted Tennessee state authorities to verify the dates Petitioner was in state custody serving her state sentence. The state provided information that resulted in Petitioner's sentence computation being updated. The BOP had originally granted Petitioner prior custody credit for June 13, 2019 and November 15, 2019, the dates she was removed and returned via federal writ, as it appeared the state had not credited her sentence with these two days. The state verified, however, that they in fact granted Petitioner credit against her state sentence for these two days. Accordingly, to avoid double credit, the BOP has removed these two days from her federal computation. The state also verified that Petitioner's state sentence was satisfied on November 13, 2019. Thus, she gained one day of prior custody credit for November 14, 2019, as that date was not credited against her state sentence and her federal sentence did not commence until November 15, 2019. Overall, Petitioner netted a loss of one day of prior custody credit and her projected satisfaction date has been so adjusted. (ECF No. 9 at 4 n.3 and Ex. 1).

consistently required prisoners to exhaust their administrative remedies, absent futility thereof, before seeking habeas review under § 2241. *See, e.g., Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (requiring exhaustion in a § 2241 matter); *McClung*, 90 F. App'x at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court. *Arbaugh v. Berkebile*, No. 5:10-cv-528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-cv-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011) (citing *Jones v. Bock*, 549 U.S. 199, 204, (2007); *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)).   Because the statute authorizing habeas corpus matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances." *Reeder v. Phillips*, No. 1:07-cv-138, 2018 WL 243003, at *3 (N.D.W. Va. June 12, 2008). However, exhaustion should only be excused where administrative review would be futile. *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573 (N.D.W. Va. 2007).  Thus, "as a general rule, courts will deny judicial relief until all administrative remedies have been exhausted[,] and exhaustion will not be considered futile, "[u]nless the agency is certain to rule adversely." *Reeder,* 2008 WL 2434003 at *2-3.

The BOP has a four-step Administrative Remedy Program for resolving grievances: (1) seeking informal resolution with a staff member; (2) submitting a formal grievance to the Warden on a "BP-9" form; (3) appealing the formal grievance to the Regional Director on a "BP-10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP-11"

form within 30 days of the date the Regional Director signed the response to the appeal. *See* 28 C.F.R. § 542.10-542.15; *Luczak v. Coakley*, No. 5:16-cv-189, 2018 WL 4326877, at *6 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 5:16-cv-189, 2018 WL 4305810 (N.D.W. Va. Sept. 10, 2018).

According to the Declaration of Gail Crowe, Petitioner did not fully and properly exhaust her administrative remedies before she filed the instant petition because her Central Office remedy was rejected.  (ECF No. 9, Ex. 1 at 1, ¶¶ 5, 6, and Attach. F). Petitioner, on the other hand, asserts that she submitted all three levels of administrative remedies in a timely manner, but her response to her Central Office level remedy was never provided to her.  Consequently, she contends that the stalling of the remedy response made the administrative remedy process "unavailable" to her, such that complete exhaustion should be excused.  (ECF No. 10 at 1-2).

On November 22, 2022, Respondent filed a Supplemental Response clarifying that Petitioner's initial submission to the Central Office (BP-11), received on January 4, 2021, was rejected on January 22, 2021, because Petitioner had failed to attach a copy of her initial administrative remedy request (BP-9) and the Warden's response thereto.  (ECF No. 13 at 1-2 and Attach. A at 5).  Respondent's supplement further states that Petitioner was given 15 days to properly resubmit her Central Office remedy request, but nothing was timely received from her.  (*Id.* at 2).  Rather, the Central Office received no other submission from Petitioner until June 16, 2021, 145 days later.  (*Id.* at 2 and Attach. A at 5).  Respondent further notes that, despite Petitioner's assertion, via a certified mail receipt, that she mailed her Central Office appeal in February of 2021 (ECF No. 5 at 14-15), the Central Office has no record of anything being received from Petitioner in that time frame.  Thus, Respondent maintains his position that Petitioner failed to timely and

properly exhaust the final level of the administrative remedy process and that her petition should be dismissed.  (ECF No. 13 at 2-3 and n.1).

Based upon the documentation provided by Respondent, it appears that Petitioner's Central Office remedy was ultimately rejected as being untimely.  (ECF No. 9 at 5 and Ex. 1, Attach, F at 32; ECF No. 13 at 1-2 and Attach. A at 5).  Therefore, she failed to properly exhaust the final level of the exhaustion process.  Nonetheless, because Petitioner has asserted that she never received a response indicating that the third level remedy had been finally rejected, alternatively, the undersigned will proceed to address the merits of Petitioner's claim for relief notwithstanding its technical non-exhaustion.

> B.    *Petitioner is not entitled to any additional prior custody credit.*

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time.  *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a).  The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added).  (ECF No. 9 at 3-4).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time.  Thus, prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to

the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 9 at 6). Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 * 6 (S.D.W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the

State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D.W. Va.  Dec. 28, 2016).  Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction.  *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D.W. Va. Jan. 31, 2017).

Petitioner seeks federal sentencing credit for all the time she has served in custody after her arrest on February 8, 2018.  However, the State of Tennessee had primary jurisdiction over Petitioner's custody because she was initially arrested by state authorities.  Such custody was not relinquished during the time she was on loan to federal authorities, even after she was sentenced by the federal court.  As addressed above, Petitioner's federal sentence has been credited with any time that was not credited against her state sentence.  Accordingly, there is no basis for any additional credit of that time to her federal sentence.

Petitioner relies upon the fact that her federal sentencing judge recommended that she receive credit for all time served in custody from her arrest until she was sentenced by the federal court.  However, as noted by Respondent, that recommendation is not dispositive and is incongruous with the federal statute governing prior custody credit, as clearly set forth in the authority relied upon by Petitioner in her reply brief:  "District courts do not have statutory authority to award credit against federal sentences for time spent in state custody under 18 U.S.C. § 3585(b)."  *United States v. Benavides-Hernandez*, 548 F. App'x 278, 279 (5th Cir. 2013 (citing *United States v. Wilson,* 503 U.S. 329, 333-37 (1992).  As further asserted by Respondent:

> It is well established a district court cannot compute the amount of prior custody credit at sentencing and that the authority to award such credit rests with the BOP and not the court. *See U.S. v. Wilson*, 503 U.S. at 334-335; *Buggs v. Clemons*, 1:18-cv-00588, 2020 WL 9074821 *12 (S.D.W. Va. Jan. 31, 2020) (authority to compute federal sentence and determine jail credit is delegated to the Attorney General and exercised by the BOP) (*report and recommendation adopted in* 2021 WL 1255597 (Apr. 5, 2021).

(ECF No. 9 at 6). However, under USSG § 5K2.23, the federal court permissibly granted Petitioner a 60-day downward departure with respect to her guideline sentencing range to account for time served in state custody for conduct that was related to her federal offense.

Petitioner bears the burden of demonstrating that she is in custody in violation of the Constitution or laws of the United States, and she has not met that burden here. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that her sentences have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of

such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

November 22, 2022

Dwane L. Tinsley
United States Magistrate Judge